IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| INT'L GREEN STRUCTURES, LLC, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-291 |
| GLOBAL MGMT. PARTNERS, *et al.*, | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Plaintiff International Green Structures, LLC ("IGS"), has filed this lawsuit against Global Management Partners, LLC ("Global"), Glenn Stamps, and Morris Moses. (Compl., ECF No. 1.) In the jurisdictional statement, Plaintiff alleges the suit is brought under 28 U.S.C. §§ 1331 and 1332. The Court has reviewed the complaint and found no federal question presented in it. Thus, the sole basis of jurisdiction, if it exists, is diversity jurisdiction under § 1332.

IGS alleges it is a Delaware limited liability company with its principal place of business in Stevensville, Maryland. (Compl. ¶ 3.) It further alleges Global "is a Georgia limited liability company which claims to do business in a variety of geographical locations including Atlanta, Georgia, Washington, DC and Nairobi, Kenya." (*Id.* ¶ 5.) Global's chief executive officer is Stamps and its president is Moses. (*Id.*) Global allegedly acted through Stamps, who worked from Global's offices in Georgia, and Moses, "who worked from his home in Germantown, Maryland." (*Id.* ¶ 6.)

For the purpose of determining diversity jurisdiction, a limited liability company is considered to be an "unincorporated association," whose citizenship is that of its members. *Gen.*

*Tech. Applications, Inc. v. Exro, Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004). Both IGS and Global are limited liability companies, according to the complaint. Plaintiff's allegations also indicate IGS's principal place of business is in Maryland. Presumably, this is the case because one or more of its members are citizens of Maryland. As well, Plaintiff's allegations indicate that Global acts through Moses, whose home is in Maryland. It is reasonable to infer that both IGS and Global have members who are citizens of Maryland. If so, then this Court has no jurisdiction.

Because the complaint is not conclusive, however, in this regard, further briefing is necessary for the Court to determine whether diversity jurisdiction exists. Accordingly, it is hereby ORDERED that Plaintiff shall provide a jurisdictional statement to the Court within fourteen days of this memorandum and order. In the statement, Plaintiff shall address the issue raised here and provide additional factual allegations pertaining to the citizenship of IGS's members and the citizenship of Global's members.

DATED this <u>29th</u> day of January, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge